UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

CARRABBA'S ITALIAN GRILL, LLC
d/b/a Carrabba's Italian Grill
at 9231 W Flagler Street and
CJUF III FLAGER LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Carrabba's Italian Grill, LLC doing business as Carrabba's Italian Grill at 9231 W Flagler Street and Defendant CJUF III Flagler, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Carrabba's Italian Grill, LLC (also referenced as "Defendant Carrabba's," "operator," lessee" or "co-Defendant") is a Florida limited liability company which is a subsidiary of Carrabba's Italian grill restaurant chain headquartered in Tampa, Florida. The parent company is itself a subsidiary of Bloomin' Brands which is a restaurant holding company listed on the NASDAQ exchange and is a member of the S&P 500 component and the Russell 2000 component. Bloomin' Brands also owns Outback Steakhouses, Bonefish Grill, and Flemings Prime Steakhouse branded restaurants. There are 247 Carrabba's restaurant locations throughout the United States, Brazil and Canada.

6. Defendant CJUF III Flagler, LLC (also referenced as "Defendant Flagler," "lessor," "owner," or "co-Defendant") is a foreign limited liability company authorized to transact business in Florida and is the owner of real property located at 9191 W Flagler Street, Miami Florida 33174 more fully designated as Folio 30-4004-085-0010 which property also includes the address 9231 West Flagler. Defendant Flagler's real property is built out as a mixed-use community shopping center.

**FACTS**

7. Defendant Flagler leases its mixed-use community shopping center (in part) to an LA Fitness health club, a Firehouse Subs sandwich shop, a Chick-fil-A fast food restaurant, a Walmart Supercenter, an optometry store and the Carrabba's Italian grill restaurant which is the subject of this instant action to co-Defendant Carrabba's (the lessee). The lessee in turn operates its Carrabba's Italian Grill restaurant within that leased space.

8. The Carrabba's Italian Grill restaurant on Flagler serves food and drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Carrabba's Italian Grill on Flagler restaurant which is the subject to this action is also referred to as "Carrabba's Italian Grill (restaurant)," "Carrabba's restaurant on Flagler," "restaurant," or "place of public accommodation."

9. Carrabba's Italian Grill restaurants are a chain of casual Italian style restaurants. As the owner/operator of a chain of restaurants open to the public, Defendant Carrabba's is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

10. Due to the close proximity of family and friends in the area that Plaintiff frequently visits, , on November 17, 2021 Plaintiff went to the restaurant with the intent of purchasing a meal and eating in the dining area located therein.

11. On patronizing the Carrabba's restaurant on Flagler, Plaintiff perambulated to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

12. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the co-Defendants.

13. While Plaintiff had purchased and ate a meal at the Carrabba's Italian Grill restaurant, Plaintiff left feeling excluded, humiliated and dejected.

14. Plaintiff has been denied full and equal access to, and full and equal enjoyment of the Carrabba's restaurant on Flagler.

15. On information and belief, Defendant Carrabba's is well aware of the need to provide equal access to individuals with disabilities as its Carrabba's Italian Grill restaurant on Flagler is part of an international chain of branded restaurants. Defendant's failure to reasonably accommodate individuals with disabilities at its 9231 West Flagler Street restaurant location is/was willful, malicious and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

16. As the owner of a mixed-use community shopping center which is open to the general public and which includes several restaurants (including the subject Carrabba's), Defendant Flagler is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).  As an investor in commercial property, Defendant Flagler is aware of the ADA and the need to provide for equal access, therefore its failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

17. Based on the access impediments delineated herein, Plaintiff has been denied full and equal access by the operator of that restaurant (Defendant Carrabba's) and by the owner of the commercial property which houses the restaurant (Defendant Flagler).

18. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff is and has been a customer of Carrabba's Italian Grill restaurants and continues to desire to return to the Carrabba's restaurant 9231 West Flagler Street location to purchase a meal and dine in the area provided and/or test for compliance with the ADA/ADAAG, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited the Carrabba's Italian Grill restaurant on Flagler in order to purchase and eat a meal in the dining area provided therein and to test for compliance with the ADA/ADAAG, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

25. Defendant Carrabba's (operator of the Carrabba's restaurant on Flagler) and Defendant Flagler (owner of the commercial property operated as that Carrabba's restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at that restaurant in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Carrabba's restaurant on Flagler.

27. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal

6

Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. The mixed-use community shopping center which is owned by Defendant Flagler houses a Carrabba's restaurant which is operated by Defendant Carrabba's. This commercial space is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.* and both the owner/lessor and the tenant/lessee are discriminating against Plaintiff as a result of <u>inter alia</u> the following specific violations:

i. As to Defendant Carrabba's (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the lavatory without assistance, as the pull strength needed to open the door was too great since Plaintiff is confined to his wheelchair. Failure to provide accessible entry to the public restroom due to the excessive weight of the door at the restroom entrance is in violation of 28 C.F.R. Part 36, Section 4.13.11(b) of the ADAAG and 404.2.9 of the 2010 ADA Standards for Accessible Design. Section 4.13.11(b) states that the door opening force for interior hinged doors shall not exceed 5 lbf (22.2N). The door represents an insurmountable barrier to independent entry to the restroom by the Plaintiff and other individuals who use wheelchairs.

ii. As to Defendant Carrabba's (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG

7

       which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The forces required to activate controls shall be no greater than 5 lbf (22.2 N). This is also a violation §604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including door hardware, shall comply with §404; specifically, §§404.2.7 and 309.4: "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finish floor or ground."

iii.    As to Defendant Carrabba's (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

iv.    As to Defendant Carrabba's (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not use the soap dispenser inside the stall without assistance, as the lavatory soap dispenser is not mounted in the required location in violation of 28 C.F.R. Part 36. The soap dispenser is not mounted in accordance with the forward reach guidelines delineated at Section 4.2.5

(Fig 5) of the ADAAG. This is also a violation of the 2010 ADA Standards for Accessible Design, specifically Section 606.1 which states that when soap and towel dispensers are provided, they must be within the reach ranges specified in Section 308.2.1. This section states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

v. As to Defendant Carrabba's (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror (inside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

vi. As to Defendant Carrabba's (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink (outside the stall) without assistance, as the lavatory sink does not provide the appropriate knee clearance of at least 27 in (685 mm) high 30 in (760 mm) wide, and 19 in 485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3; 2010 ADA Standards for Accessible Design and Sections 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

vii. As to Defendant Carrabba's (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink which does not have completely wrapped bottom sink pipes, therefore there is no proper insulation protecting users of that sink against the

        plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

viii. As to Defendant Carrabba's (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not use the soap dispenser outside the stall without assistance, as the lavatory soap dispenser is not mounted in the required location in violation of 28 C.F.R. Part 36. The soap dispenser is not mounted in accordance with the forward reach guidelines delineated at Section 4.2.5 (Fig 5) of the ADAAG. This is also a violation of the 2010 ADA Standards for Accessible Design, specifically Section 606.1 which states that when soap and towel dispensers are provided, they must be within the reach ranges specified in Section 308.2.1. This section states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

ix. Plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to the trash bin. This is a violation of Section 4.13.6 of the ADAAG which states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. This is also a

violation of Section 404.2.4 of the 2010 ADA Standards for Accessible Design which states that minimum maneuvering clearances at doors and gates shall comply with (the table at) 404.2.4; in this instance, the encroaching trash bin is in violation of the minimum required maneuvering clearances.

30. Pursuant to 42 U.S.C. §12101et seq. and 28 C.F.R. §36.304, Defendants are required to make the Carrabba's restaurant on Flagler accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

31. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant CJUF III Flagler, LLC (owner of the mixed-use community shopping center housing the Carrabba's Italian Grill restaurant) and Defendant Carrabba's Italian Grill, LLC (the operator of the restaurant) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Carrabba's Italian Grill restaurant located therein such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

        d)         The Court award reasonable costs and attorneys fees; and

        e)         The Court award any and all other relief that may be necessary and appropriate.

Dated this 27th day of January 2022.

        Respectfully submitted,

<u>*/s/ J. Courtney Cunningham*</u>
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*